# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| WILLIAM MCBRYAR, | ) | |
| --- | --- | --- |
| *Petitioner*, | ) | Case Nos. 1:20-cv-41; 1:17-cr-155 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge Susan K. Lee |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:20-cv-41; Doc. 83 in Case No. 1:17-cr-155). Petitioner seeks relief from the Court's judgment in this case based on the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). (*See* Doc. 1 in Case No. 1:20-cv-41; Doc. 83 in Case No. 1:17-cr-155.) For the following reasons, Petitioner's motion will be **DENIED**.

## I. BACKGROUND

On August 14, 2018, this Court entered judgment, sentencing Petitioner to 78 months imprisonment and a term of thirty years supervised release after Petitioner pled guilty to one count of aiding and abetting another in the possession of child pornography in violation of 18 U.S.C. §§ 2 and 2252(a)(4). (*See* Docs. 62, 66 in Case No. 1:17-cr-155.) Petitioner did not appeal. (*See* Doc. 1 in Case No. 1:20-cv-41, at 2; Doc. 83 in Case. No. 1:17-cr-155, at 2.) On February 5, 2020, Petitioner filed the instant § 2255 motion. The Government responded on August 20, 2020. (*See* Doc. 6 in Case No. 1:20-cv-41). On September 16, 2020, this Court ordered that Petitioner would have through and including October 16, 2020 to file a reply brief

(Doc. 8 in Case No. 1:20-cv-41), and Petitioner filed his reply on October 13, 2020 (Doc. 9 in Case No. 1:20-cv-41). Petitioner's motion is now ripe for review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir.

2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III.     ANALYSIS

Petitioner's motion is based on his claim that *Haymond* renders his thirty-year term of supervised release unconstitutional. (*See* Doc. 1 in Case No. 1:20-cv-41, at 4, 15; Doc. 83 in Case No. 1:17-cr-155, at 4, 15.) Thus, the statute of limitations in § 2255(f) runs from the latest of "the date when the judgment of conviction becomes final" or "the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). Because Petitioner did not appeal, his conviction became final on August 28, 2018, fourteen days after the Court entered judgment, when his window to file a notice of appeal closed. (*See* Doc. 66 in Case No. 1:17-cr-155, at 1 (judgment entered on August 14, 2018)); Fed. R. App. P. 4(b)(1)(A)(ii); *Sanchez-Castellano v. United States*, 358 F.3d 424, 425–26 (6th Cir.

2004).  Therefore, Petitioner's motion is untimely based on the date when the judgment of his conviction became final.

In analyzing whether Petitioner's § 2255 motion was brought within one year of "the date when the right asserted was initially recognized by the Supreme Court," the Court notes that the right announced in *Haymond* has not been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).  The Sixth Circuit has explicitly stated that *Haymond* "did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review." *In re Jividen*, No. 19-6234, 2020 U.S. App. LEXIS 22749 at *2 (6th Cir. July 21, 2020).  Therefore, Petitioner's motion cannot be timely based upon the date on which the Supreme Court decided *Haymond*.

Even if the standard in *Haymond* applied retroactively to cases on collateral review, Petitioner's § 2255 motion would still not persuade the Court.  In *Jividen*, the movant pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and was sentenced to 133 months of imprisonment plus a life term of supervised release. *Id.* at *1.  The movant sought leave from the Sixth Circuit to file a successive § 2255 motion arguing that his life term of supervised release was unconstitutional under *Haymond*. *Id.*  In denying the movant's motion, the Sixth Circuit noted that the rule in *Haymond* was inapplicable to the movant's case because he "was not sentenced pursuant to § 3583(k) based on a judge's [] finding that he violated the terms of his previously imposed supervised release by committing new sex offenses.  Rather, he challenge[d] the imposition of the lifetime term of supervised release imposed for his original sentence, to which he pleaded guilty." *Id.* at *3-4.

This Court finds *Jividen* to be directly analogous and instructive in Petitioner's case. Petitioner was not sentenced to a thirty-year term of supervised release after he violated a

4

previously imposed term of supervised release, as addressed in *Haymond*. (*See* Doc. 66 in Case No. 1:17-cv-155, at 1–3.) Petitioner pled guilty to one count of aiding and abetting another in the possession of child pornography in violation of 18 U.S.C. §§ 2 and 2252(a)(4), and it was for this offense that the Court sentenced him to thirty years of supervised release. (*Id.*; *see also* Doc. 62 in Case No. 1:17-cv-115.) Therefore, *Haymond* does not provide Petitioner any grounds by which to reduce the term of his supervised release.

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Doc. 1 in Case No. 1:20-cv-41; Doc. 83 in Case No. 1:17-cr-155) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**